# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **HOWARD CHADWICK ROCHESTER,** | CASE NO. 3:22 CV 2230 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Howard Chadwick Rochester seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 17). Plaintiff filed objections to the R&R (Doc. 18), and the Commissioner filed a response thereto (Doc. 19). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in June 2020 alleging a disability onset date of January 1, 2017. *See* Tr. 16. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on November 10, 2021, finding Plaintiff not disabled. (Tr. 16-31). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding to the ALJ's decision. He alleged the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence

because the ALJ failed to fully develop the record regarding his torn meniscus and knee impairment.

In his R&R, Judge Clay concluded the ALJ did not err, as the ALJ's determination that Plaintiff's knee injury was not severe because it did not meet the durational requirements was supported by substantial evidence. He recommends the Court affirm the Commissioner's decision. *See* Doc. 17.

**STANDARD OF REVIEW**

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises a single objection to the R&R. He contends the ALJ failed to fully develop the record as to his knee impairment and relatedly failed to analyze whether the impairment "could have satisfied the durational requirement based on the *expectation* that it would last for twelve months." (Doc. 18, at 2); *see also* Doc. 18, at 3 ("Plaintiff's knee impairment could have been found severe if it were *expected to* last twelve months—a consideration neither the ALJ (nor the Magistrate Judge) contemplates."). As he did to the Magistrate Judge, Plaintiff argues the evidence related to his knee impairment was not reviewed by any medical professional, and the ALJ was not qualified to interpret raw medical data. He contends there is evidence at issue that his knee impairment was expected to last at least twelve months, citing his July 2021 orthopedic visit (Tr. 916-19), and August 2021 MRI (Tr. 1235). *Id.* at 2-3.

In assessing Plaintiff's impairments, the ALJ stated at Step Two:

> The record supports the claimant was also assessed with hypertension, vitamin D deficiency, hyperlipidemia, and a left knee meniscus tear (occurring in May 2021, under 12 months of duration). The undersigned finds that these impairments are non-severe as they have been responsive to treatment, cause no more than minimal vocationally relevant limitations, and/or have not lasted or are not expected to result in more than minimal work-related restriction for a continuous period of at least 12 months. Nevertheless, the undersigned has accounted for all impairments in the residual functional capacity as necessary taking into account the totality of the record.

(Tr. 20) (internal record citations omitted). Thus, although Plaintiff frames the issue as a Step Four / RFC issue, the ALJ resolved the issue of Plaintiff's knee impairment at Step Two – finding it did not meet the durational requirement. *See id.* As the Magistrate Judge correctly pointed out, the

---

1. Neither party objects Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was summarized by Judge Clay.

3

ALJ was not required to consider Plaintiff's knee impairment at Step Four because she had already determined the impairment was not of the required duration. (Doc. 17, at 10) (citing *Ortiz-Rosando v. Comm'r of Soc. Sec.*, 12 F. App'x 349, 352 (6th Cir. 2001)); *see also* 20 C.F.R. § 405.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

Moreover, the Court agrees with the R&R's analysis that the ALJ's determination that Plaintiff's knee impairment did not satisfy the duration requirement is supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation omitted). Plaintiff himself testified in October 2021 (five months after his May 2021 fall resulting in the knee injury) that he had a torn meniscus for which he planned to have surgery, followed by "crutches for three to six weeks" and then physical rehabilitation. (Tr. 45).

Finally, although Plaintiff argues the ALJ had a duty to develop the record further regarding whether Plaintiff's knee impairment could be "expected" to last more than twelve months, Plaintiff had the burden to establish an impairment meeting the duration requirement at Step Two, *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012), and while an ALJ has the duty to develop the record under the regulations, she has discretion to determine whether additional evidence is necessary, *see* 20 C.F.R. § 404.1512; *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary."). And, indeed, the R&R's citation of Plaintiff's own expectation regarding surgery and recovery speaks to the "expected" duration of impairment resulting from this acute injury. Given the evidence before the ALJ and the fact that Plaintiff himself did not cite his knee impairment as

4

a reason preventing him from working (Tr. 46-47), the Court agrees with the R&R's conclusion that the ALJ did not err in not developing the record further.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 17) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE